**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| GARY L. DOTSON and, <br> SANDRA S. DOTSON, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 3:21-cv-50214 |
| v. | ) <br> ) <br> ) | (Removed from the 15th Judicial Circuit Court of Stephenson County |
| MENARD, INC., | ) <br> ) | Case No. 21-L-8) |
| Defendant. | ) | |

### **PLAINTIFF'S RULE 26(a)(2) DISCLOSURE**

NOW COME the Plaintiffs, Gary and Sandra Dotson, by and through their attorneys, Pignatelli & Associates, P.C., and for their initial disclosures pursuant to Federal Rule 26(a)(2), state as follows:

## Rule 26(a)(2)(B)

*Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

   (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

   (ii) the facts or data considered by the witness in forming them;

   (iii) any exhibits that will be used to summarize or support them;

   (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

   (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

   (vi) a statement of the compensation to be paid for the study and testimony in the case.

None at this time. Plaintiffs reserve the right to disclose retained experts in accordance with such scheduling orders as the Court may enter.

**Rule 26(a)(2)(C)**

*Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

    (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

    (ii) a summary of the facts and opinions to which the witness is expected to testify.

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705:

Plaintiff's treating medical providers:

> **Dr. William Helvey**
> **Kimberly Price, PT**
> **Dr. Donald Hay**
> **Debra Lelle, PTA**
> **Dr. Scott Trenhaile**
> FHN Memorial Hospital- 1045 W. Stephenson St., Freeport, IL 61032
>
> **Dr. Richard Olson**
> **Dr. Zeeshan Ahmad**
> **Dr. Brian Braaksma**
> Orthoillinois- 5875 E. Riverside Blvd, Rockford, IL 61114
>
> **Dr. Craig Pauls**
> Family Health Quest- 640 W. South Street, Freeport, IL 61032

The witnesses listed above, Plaintiff's medical providers, are expected to testify on the following subjects:
1. The witness's education, training, and experience;
2. Any and all medical history the witness obtained from Plaintiff;
3. The cause of Plaintiff's injuries sustained as a result of the accident complained of;
4. The mechanism of injury for the injuries sustained as a result of the accident complained of;
5. The nature and extent of Plaintiff's injuries sustained as a result of the accident complained of, as well as the pain and suffering that such injuries would and did cause;
6. The witness's treatment of Plaintiff as described in Plaintiff's medical record;

7. The effects of the witness's treatment on Plaintiff's condition of injury;
8. The prognosis for Plaintiff's injuries sustained as a result of the accident complained of;
9. The relationship between the care and treatment provided and Plaintiff's injuries sustained on that date;
10. The effect that the injuries sustained as a result of the accident complained of would and did have on Plaintiff's lifestyle and ability to work;
11. The physical limitations that Plaintiff would experience as a result of the injuries sustained as a result of the accident complained of.

(ii) a summary of the facts and opinions to which the witness is expected to testify:

Plaintiff's counsel requested interviews with the following witnesses to provide complete and accurate disclosure of the witness's opinions; however, the witnesses declined to speak to Plaintiff's counsel or answer her questions.

**Dr. William Helvey** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;
2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;
3. That the treatment rendered and/or ordered by the witness to Plaintiff was reasonable and necessary;
4. That the incident complained of caused injury to Plaintiff;
5. That the musculoskeletal pain Plaintiff reported on April 17, 2019 was caused by the April 16, 2019 incident complained of; and
6. That the contusions the witness observed when examining Plaintiff April 17, 2019 was caused by the April 16, 2019 incident complained of.

**Kimberly Price, PT** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;
2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;
3. That the incident complained of caused injury to Plaintiff;
4. That the treatment rendered by the witness to Plaintiff was reasonable and necessary;
5. That Plaintiff exerted appropriate effort to participate in his recovery and return to normal functioning; and
6. That Plaintiff's pain reports and other reports to the witness were credible;

**Dr. Donald Hay** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;

2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;
3. That the treatment rendered and/or ordered by the witness to Plaintiff was reasonable and necessary;
4. That the incident complained of caused injury to Plaintiff;
5. That the incident complained of caused injury to Plaintiff's thoracic back
6. That the incident complained of caused injury to Plaintiff's shoulder
7. That the incident complained of caused injury to Plaintiff's foot
8. I That the incident complained of caused injury to Plaintiff's wrist
9. That the musculoskeletal pain Plaintiff reported on April 17, 2019 and May 20, 2019 was caused by the April 16, 2019 incident complained of;
10. That Plaintiff exerted appropriate effort to participate in his recovery and return to normal functioning; and
11. That Plaintiff's pain reports and other reports to the witness were credible.

**Debra Lelle, PTA** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;
2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;
3. That the incident complained of caused injury to Plaintiff;
4. That the treatment rendered by the witness to Plaintiff was reasonable and necessary;
5. That Plaintiff exerted appropriate effort to participate in his recovery and return to normal functioning; and
6. That Plaintiff's pain reports and other reports to the witness were credible;


**Dr. Scott Trenhaile** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;
2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;
3. That the treatment rendered and/or ordered by the witness to Plaintiff was reasonable and necessary;
4. That the incident complained of caused injury to Plaintiff;
5. That the incident complained of caused injury to Plaintiff's left shoulder;
6. That the incident complained of caused injury to Plaintiff's right shoulder;
7. That the arthroscopic shoulder surgery the witness recommended for Plaintiff and which was performed January 11, 2021 was necessitated by the incident complained of;
8. That Plaintiff exerted appropriate effort to participate in his recovery and return to normal functioning; and
9. That Plaintiff's pain reports and other reports to the witness were credible.

**Dr. Richard Olson** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;
2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;
3. That the treatment rendered and/or ordered by the witness to Plaintiff was reasonable and necessary;
4. That the incident complained of caused injury to Plaintiff;
5. That the incident complained of caused injury to Plaintiff's left shoulder;
6. That the incident complained of caused injury to Plaintiff's right shoulder;
7. That the incident complained of caused injury to Plaintiff's back, neck, and head;
8. That the incident complained of exacerbated Plaintiff's pre-existing conditions of back pain, neck pain, and fibromyalgia;
9. That the treatment the witness offered of injections were necessitated by the incident complained of;
10. That Plaintiff exerted appropriate effort to participate in his recovery and return to normal functioning; and
11. That Plaintiff's pain reports and other reports to the witness were credible.

**Dr. Zeeshan Ahmad** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;
2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;
3. That the treatment rendered and/or ordered by the witness to Plaintiff was reasonable and necessary;
4. That the incident complained of caused injury to Plaintiff;
5. That the incident complained of caused injury to Plaintiff's back;
6. That the incident complained of caused bilateral leg weakness;
7. That the treatment the witness offered of injections were necessitated by the incident complained of;
8. That Plaintiffs conditions of carpal tunnel syndrome and cubital tunnel syndrome were caused or exacerbated by the incident complained of;
9. That Plaintiff exerted appropriate effort to participate in his recovery and return to normal functioning; and
10. That Plaintiff's pain reports and other reports to the witness were credible.

**Dr. Brian Braaksma** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;
2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;

3. That the treatment rendered and/or ordered by the witness to Plaintiff was reasonable and necessary;
4. That the incident complained of caused injury to Plaintiff;
5. That the incident complained of caused injury to Plaintiff's neck;
6. That the incident complained of caused injury to Plaintiff's back;
7. That the incident complained of caused bilateral leg weakness;
8. That the treatment the witness offered of injections were necessitated by the incident complained of;
9. That Plaintiffs conditions of carpal tunnel syndrome and cubital tunnel syndrome were caused or exacerbated by the incident complained of;
10. That Plaintiff exerted appropriate effort to participate in his recovery and return to normal functioning; and
11. That Plaintiff's pain reports and other reports to the witness were credible.

**Dr. Craig Pauls** is expected to testify to the following facts and opinions:
1. The facts contained in Plaintiff's medical records including the history taken from Plaintiff;
2. That the amounts charged for the medical services received from the witness and related to the witness's care of Plaintiff are reasonable and customary;
3. That the treatment rendered and/or ordered by the witness to Plaintiff was reasonable and necessary;
4. That the incident complained of caused injury to Plaintiff;
5. That the incident complained of caused injury to Plaintiff's head, neck, and back;
6. That the incident complained of caused injury to Plaintiff's left shoulder;
7. That the incident complained of caused injury to Plaintiff's right shoulder;
8. That Plaintiff exerted appropriate effort to participate in his recovery and return to normal functioning; and
9. That Plaintiff's pain reports and other reports to the witness were credible.

                                         GARY DOTSON et. al., Plaintiffs

                                         _____
                                             Elizabeth Adams

Elizabeth Adams
PIGNATELLI & ASSOCIATES, P.C.
Attorneys for Plaintiffs
102 East Route 30
Rock Falls, Illinois 61071
Telephone:  (815) 626-0500
Facsimile:   (815) 626-0526
fax@nilawyers.com