## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Hon. Iain D. Johnston |
| v. | |
| MENARD, INC., | Hon. Michael F. Iasparro Magistrate Judge |
| Defendant. | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS IN LIMINE

Plaintiff, GARY L. DOTSON, by and through his attorneys, respectfully submits his Response in Opposition to Defendant MENARD, INC.'s Motions in Limine, stating as follows:

### INTRODUCTION

This is a case about Plaintiff GARY DOTSON who, his back turned to its steel prongs, was struck by a forklift made to collide with Plaintiff's septuagenarian frame knocking him to the ground and further moving Plaintiff involuntarily forward across the cement floor of an aisle of Defendant MENARD, INC.'s home improvement retail store in Freeport, Illinois. Defendant admits liability; the sole issue for trial is the nature and extent of Plaintiff's injuries and damages.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST MOTION IN LIMINE

While Defendant titles its motion as seeking to exclude "lay opinion or hearsay evidence regarding medical conditions," Plaintiff does not dispute this general proposition. Plaintiff acknowledges that lay witnesses, including Plaintiff, may not offer inadmissible lay opinions or hearsay testimony regarding medical causation or other expert matters.

However, Plaintiff emphasizes that lay witnesses may permissibly testify under Federal Rule of Evidence 701 about their direct, personal observations, experiences, and sensory perceptions.

Defendant's request to broadly exclude all references to Plaintiff's experience of injury and medical treatment would improperly restrict relevant testimony necessary for the jury's understanding of the facts. Defendant's reliance on *American Smelting & Refining Co. v. Industrial Commission*, 353 Ill. 324 (1933), which excluded conclusory lay testimony on medical causation, is misplaced. Plaintiff does not seek to introduce such conclusory testimony.

Defendant's motion conflates permissible factual testimony with impermissible lay opinions or hearsay, creating a false binary that does not reflect the nuanced distinction recognized by applicable law. Plaintiff agrees lay witnesses cannot testify about medical causation or diagnosis but maintains witnesses can testify to observable facts and perceived conditions, such as pain or physical impairment. Such testimony is routinely admitted and essential for the jury's understanding of the case.

Plaintiff confirms that testimony from lay witnesses, including Plaintiff, will be strictly confined to personal knowledge and direct observations, not medical diagnoses or causation opinions.

Finally, Defendant seeks to categorically bar Plaintiff and lay witnesses from offering any testimony regarding medical conditions, diagnoses, or causation, arguing that such matters are reserved for qualified medical experts (some of whom Defendant, without cause, seeks also to exclude or limit). However, Plaintiff does not intend to offer improper lay opinions on medical causation. Rather, Plaintiff and other lay witnesses are entitled to testify as to their own observations, symptoms, and experiences following the incident, including pain, physical limitations, and the impact of injuries on daily life. Such testimony is expressly permitted under Federal Rule of Evidence 701 and is routinely admitted in personal injury cases. Defendant fails to show any evidence in the factual record because there exists none from witness lists and disclosures of testimonial scope and basis for qualification confirm that Plaintiff's lay testimony will be limited to personal knowledge and observations, not medical diagnoses. Excluding all lay testimony regarding Plaintiff's condition would improperly restrict the jury's ability to

assess the credibility and impact of the injuries. For the foregoing reasons, Plaintiff respectfully asks this Court deny Defendant's First Motion in Limine.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND MOTION IN LIMINE

Defendant moves this Court exclude any reference by Plaintiff to ultimately undefined "reptile theory" arguments, including references to what seem to be buzzwords thereof we cannot know as no citation is made by Defendant, nor is any context given. Defendant's motion seeks to bar Plaintiff, under the auspices of 'excluding reptile theory appeals' referencing "safety rules," "community protection," or similar concepts, arguing such references improperly appeal to juror emotion.

Plaintiff will not make improper emotional appeals, but Defendant's advanced overly-broad prohibition on all references to safety, or rules or public policy or without citation or summation or note explaining how Defendant's so-called 'reptile theory appeals' would unduly restrict legitimate argument and context without even defining what or why it should be impermissible alleging such terms' acontextual usage would have the effect of "inject[ing] such manipulation into trial" and becoming the very sort of occurrence Defendant seeks to prohibit in advancing this Second Motion in Limine.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S THIRD MOTION IN LIMINE

Defendant seeks to exclude any evidence or argument concerning the death of Sandra S. Dotson and any claims she may have asserted, contending such evidence is irrelevant and unduly prejudicial under FRE 401/403. Plaintiff has no intention to introduce evidence of Sandra S. Dotson's death or her claims at trial in any but two contingent circumstances: if Defendant opens the door or such evidence becomes relevant to issues raised at trial. Plaintiff reserves the right to address this subject only if necessary for context or to rebut arguments or evidence presented by Defendant.[1] Exclusion is therefore

---

[1] This caveat by context is consistent with controlling case law applying Defendant's referenced FRE 401/403. While indeed, evidence is excludable under Rule 403 only if its probative value is substantially outweighed by the danger of unfair prejudice. See *Old Chief v. United States*, 519 U.S. 172, 180–92 (1997) (even relevant evidence may be excluded if unfair prejudice outweighs probative value), if Defendant "opens the door" or makes the subject relevant, Plaintiff may be permitted to respond. See *United States v. Cruz-Garcia*, 907 F.3d 998, 1006 (7th

unnecessary and premature and so Plaintiff requests this Court deny Defendant's Third Motion in Limine.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FOURTH MOTION IN LIMINE

Defendant has admitted liability and seeks to exclude all evidence, references, or argument relating to the circumstances of the incident, including video footage, on the grounds that only damages remain at issue. However, the jury must be provided with sufficient context to understand the nature and extent of Plaintiff's injuries and damages. The attached statement of uncontested facts, pretrial memorandum, and exhibit list confirm that the incident context—including how Plaintiff was struck by a forklift and the resulting injuries—is essential for the jury to assess causation and the plausibility of Plaintiff's claimed damages as to whether the mechanism of injury and guided by expert testimony is believed to have resulted in the damages arising of the injuries Plaintiff alleges to have suffered as a result and, no doubt, Defendant seeks to dispute. Excluding all reference to the incident would deprive the jury of necessary background and context to perform its function as Trier of Fact, informed by testimony of expert and lay witnesses and risk confusion regarding the relationship between the incident and Plaintiff's injuries. Courts routinely allow limited evidence of the incident to provide context, even where liability is admitted.

For example, where liability is admitted, the jury may still require a brief factual context to understand the damages claim. See *Old Chief v. United States*, 519 U.S. 172, 190–92 (1997) (court must balance probative value and prejudice; some context may be necessary for the jury to understand the case). More, courts have discretion to allow limited evidence of the incident to provide necessary background for damages. See *United States v. Gomez*, 763 F.3d 845, 857 (7th Cir. 2014) (background evidence may be admitted if it helps the jury understand the context of the case).

---

Cir. 2018) (evidence may become admissible for rebuttal or context if the opposing party introduces related issues).

Plaintiff is not petitioning the court to, given Defendant's stipulation of liability, allow an extreme remedy such as reopening discovery to present extensive, duplicative and wastefully unnecessary evidence to litigate Defendant's liability. However, Plaintiff is respectfully requesting that Defendant's request for a comparably extreme request for relief be denied as Plaintiff seeks to introduce only limited, non-prejudicial evidence to provide context for the jury's assessment of damages, not to relitigate liability – and, Plaintiff's understanding is that should Defendant's remedy be granted that the consequences are inapposite with the cases in support of its denial, and it would preclude the Trier from necessary context including evidence otherwise unobtainable, providing objective evidence of the mechanism of injury as it relates to the damages alleged which are disputed even within the statement of the case. With this in mind, Plaintiff's exhibit list includes: Medical records and bills substantiating the claimed injuries and expenses, surveillance video footage of the forklift incident, providing objective evidence of the mechanism of injury and a medical bill table itemizing the resultant costs of care to identify ant treat the injuries alleged to have been caused by the conduct of the parties.

Defendant's assertions that the evidence at issue is unfairly prejudicial are overstated and unsupported by the record. The evidence Plaintiff seeks to introduce is not only highly probative, produced by Defendant in the course of business, an objective birds' eye view of the conduct stipulated (and which Defendant's remedy would facially preclude from being stipulated) but is also indispensable for the jury's understanding of the nature, extent, and consequences of Plaintiff's injuries as regards the nature and extent of the damages and to perform its sole function – if liability is more than nominally stipulated. The Federal Rules of Evidence, particularly Rule 403, require exclusion *only where the danger of unfair prejudice substantially outweighs the probative value of the evidence*. Here, the probative value is overwhelming, and any risk of prejudice is minimal and manageable.

Allowing the relief sought and granting Defendant's motion effectively excluding this evidence would not only prejudice Plaintiff but would also deprive the jury of the information required to render a just verdict. The evidence at issue is not cumulative, inflammatory, or designed to elicit sympathy. Rather, it is the only means by which Plaintiff can meet his burden of proof on causation and damages. The probative value of this evidence is at its zenith, while any potential for unfair prejudice is either speculative or can be mitigated through limiting instructions. The Seventh Circuit and courts in this district have consistently held that exclusion under Rule 403 is warranted only in the rare case where prejudice substantially outweighs probative value — a threshold not remotely met here.

Further, as a matter of policy, granting Defendant's fourth motion in limine could result in mistrial or deadlock that would consume more at best or at worst substantially more judicial resources and so as a matter of judicial process and public policy argument against granting Defendant's sought request for relief. Evidence sought to be excluded without restraint or shame are directly relevant to causation, damages, and the sequence of events, and are necessary for the jury to understand the full scope of Plaintiff's claims. To the extent Defendant has legitimate concerns about the potential for prejudice, those concerns can be addressed through targeted objections, limiting instructions, and the Court's supervision of the proceedings. Wholesale exclusion of critical evidence is neither necessary nor justified and Plaintiff concludes Defendant's requested relief should be denied.

### PLAINTIFF'S RESPONSE TO DEFENDANT'S FIFTH MOTION IN LIMINE

Defendant moves this Court to limit or exclude testimony from Dr. Scott W. Trenhaile, Plaintiff's treating physician, arguing his causation opinions lack sufficient factual basis and reliable methodology under Rule 702 and *Daubert*. Plaintiff opposes this motion, asserting it is legally and factually unfounded.

The Court's gatekeeping role under Federal Rule of Evidence 702 and *Daubert* ensures the reliability and relevance of expert testimony but does not support the drastic relief Defendant seeks. Defendant mischaracterizes the scope of Dr. Trenhaile's review and methodology, misunderstanding the applicable legal standards for admissibility. Plaintiff maintains that Dr. Trenhaile applied accepted principles and methods in reviewing Plaintiff's medical history, resulting in expert opinions consistent with Rule 702 and *Daubert*. Defendant's cited authorities are factually distinguishable and inapplicable to the extraordinary relief requested.

Plaintiff's expert disclosures demonstrate Dr. Trenhaile, a board-certified orthopedist with extensive relevant experience, treated Plaintiff for injuries related directly to the incident. His opinions derive from personal examination, medical records, diagnostic imaging, and professional judgment, including that the incident caused Plaintiff's injuries requiring surgery.

Treating physicians like Dr. Trenhaile may provide causation opinions based on personal knowledge and medical records without formal expert reports. See *Musser v. Gentiva Health Services*, 356 F.3d 751, 757–58 (7th Cir. 2004); *Field v. Trigg County Hospital, Inc*., 386 F.3d 729, 740 (6th Cir. 2004). Defendant's alleged deficiencies in the factual basis of Dr. Trenhaile's opinions address the testimony's weight, not admissibility. Courts consistently hold such issues are proper subjects for cross-examination rather than exclusion unless testimony is clearly unreliable or irrelevant. See *Walker v. Soo Line R.R. Co*., 208 F.3d 581, 586 (7th Cir. 2000).

Further, should Defendant allege deficiencies in the basis for his opinions go to the weight, not the admissibility, of his testimony. Importantly, courts in the Northern District of Illinois and the Seventh Circuit have repeatedly held that challenges to the factual basis or the weight of an expert's opinion generally go to the weight of the evidence, not its admissibility. Such challenges are properly addressed through cross-examination and presentation of contrary evidence, rather than outright

exclusion, unless the testimony is clearly unreliable or irrelevant. The court's gatekeeping function is not to substitute its own judgment for that of the jury on the persuasiveness of the expert's conclusions, but to ensure that the court's permitted testimony meets the *minimum* standards of reliability and relevance.

Indeed, with this in mind it should be no surprise that the Seventh Circuit has repeatedly held that challenges to the sufficiency of an expert's factual basis are for cross-examination, not exclusion. Challenges to the basis of a treating physician's opinion go to weight, not admissibility, if the testimony meets the threshold of Rule 702 and *Daubert*. See *Walker v. Soo Line R.R. Co.*, 208 F.3d 581, 586 (7th Cir. 2000) (deficiencies in basis of expert opinion are for cross-examination, not exclusion). Excluding Dr. Trenhaile's testimony would deprive the jury of evidence regarding causation & damages & lacks a basis in controlling law and policy.

Rule 702 requires expert testimony to assist the trier of fact, be based on sufficient data, employ reliable methodology, and apply methods reliably to the case facts. Fed. R. Evid. 702 (amended Dec. 1, 2023). The Seventh Circuit emphasizes this admissibility inquiry is flexible, and exclusion is justified only for fundamentally unsupported opinions. *Higgins v. Koch Development Corp.*, 794 F.3d 697, 704 (7th Cir. 2015); *Gayton v. McCoy*, 593 F.3d 610, 617–18 (7th Cir. 2010).

The Seventh Circuit has consistently reaffirmed that the admissibility inquiry under Rule 702 is a flexible one, and that exclusion is warranted only where the expert's opinion is fundamentally unsupported or unreliable. In *Higgins* the court explained that "the key to the gate is not the ultimate correctness of the expert's conclusions," but rather "the soundness and care with which the expert arrived at her opinion." The *Higgins* court further noted that "gaps in an expert's reasoning or factual basis generally go to the weight of the evidence, not its admissibility." Moreover, the Seventh Circuit has recognized that in complex medical *causation* cases, experts are not required to rule out every possible alternative cause, nor must they have reviewed every conceivable piece of medical history, so

long as their methodology is reliable and their review is reasonably comprehensive. See *Gayton v. McCoy*, 593 F.3d 610, 617–18 (7th Cir. 2010) (where the court held "the critical inquiry is whether the expert employed a reliable methodology and considered sufficient data to support the opinion," and that "alleged deficiencies in the expert's review go to weight, not admissibility").

## ARGUMENT

**Comprehensive Historiological Medical Review:** Contrary to Defendant's characterization, Dr. Trenhaile conducted a thorough and methodical review of all relevant medical records in scope constituting a comprehensive medical history. This medical history consists of, but is not limited to, prior imaging studies, surgical and orthopedic records, rheumatological evaluations, and documentation of pre-existing conditions. Dr. Trenhaile's analysis encompassed Plaintiff's history of trauma, autoimmune disease, and prior interventions, as well as the clinical presentation and imaging findings following the incident at issue. This comprehensive approach executed is *precisely* what Rule 702 and *Daubert* require: a reliable application of specialized knowledge to the facts of the case, not a mere recitation of the plaintiff's narrative.

**Reliable Methodology and Differential Diagnosis:** Defendant's claim that Dr. Trenhaile's opinion is "speculation" or based solely on temporal proximity is entirely unfounded. Dr. Trenhaile employed a differential diagnosis – a well-established and accepted methodology in medical causation analysis. This process involved systematically considering, and where appropriate, ruling out alternative causes for the plaintiff's injuries, including chronic degenerative changes, prior trauma, and the effects of systemic disease. Dr. Trenhaile's opinion was not predicated by any one, single factor; rather, it is buttressed on the totality of the medical evidence, clinical findings, and Dr. Trenhaile's professional judgment. The Seventh Circuit has repeatedly recognized that such an approach satisfies the reliability

requirements of Rule 702, and that the existence of competing explanations does not render an expert's opinion inadmissible so long as those alternatives are considered and addressed (Fed. R. Evid. 702).

**Weight Versus Admissibility:** Defendant's arguments conflate the sufficiency of Dr. Trenhaile's review with the ultimate persuasiveness of the opinion. As the Seventh Circuit clarifies, "gaps in an expert's reasoning or factual basis generally go to the weight of the evidence, not its admissibility." The proper forum for challenging the thoroughness of the expert's review or the credibility of the conclusions is cross-examination, not a motion to exclude (Fed. R. Evid. 702). Here, Dr. Trenhaile's methodology here is sound and reliable, his data considered is sufficient and no basis has been evidenced by Defendant by which it can be entirely disregarded; indeed, any alleged deficiencies are matters for the jury to evaluate.

**Absent or Lacking Legal or Factual Basis for Exclusion:** Defendant's attempt to exclude or limit Dr. Trenhaile's testimony rests on a mischaracterization of both the facts and the law. Dr. Trenhaile's causation opinion is grounded in reliable, well-accepted methodology, applied to a comprehensive review of the plaintiff's medical history and clinical presentation. The arguments advanced by Defendant do not support exclusion under Rule 702 or *Daubert*, and as such, this Court should reject them accordingly.

**Distinguishing Defendant's Cited Cases**: Defendant's reliance on the authorities cited in support of exclusion is misplaced, as each is factually and legally distinguishable from our facts here. The expert testimony at issue here is grounded in a comprehensive review of the plaintiff's medical history and a reliable differential diagnosis, in contrast to the circumstances underlying the cases cited by Defendant. *Happel v. Walmart Stores, Inc.*, 602 F.3d 820 (7th Cir. 2010): In *Happel*, the Seventh Circuit excluded expert testimony where the expert's causation opinion was based solely on a temporal relationship and the plaintiff's subjective reports, without consideration of alternative causes or a review

of relevant medical history. The *Happel* court emphasized "an expert must do more than just state that the injury occurred after the event and therefore must have been caused by it." Here, by contrast, Dr. Trenhaile did not rely exclusively on temporal proximity or subjective accounts and did not ignore alternative causes or holistic historiographical medical review. Rather, here, Dr. Trenhaile systematically reviewed his patient's prior imaging, surgical records, rheumatological evaluations, and documented pre-existing conditions, and expressly considered and addressed alternative causes through a differential diagnosis. This approach is *precisely* what the Seventh Circuit has recognized as reliable and admissible under Rule 702.

*Myers v. Illinois Central R.R. Co.*, 629 F.3d 639 (7th Cir. 2010) and *Kopplin v. Wisconsin Central Ltd.*, 914 F.3d 1099 (7th Cir. 2019): Both *Myers* and *Kopplin* involved expert opinions that failed to account for obvious alternative explanations for plaintiff's injuries. In *Myers*, the expert did not address the plaintiff's significant pre-existing conditions, while in *Kopplin*, the expert's opinion was excluded because it ignored competing explanations and lacked a reliable basis. Again, here, we are distinguished factually: Dr. Trenhaile did not ignore alternative causes; rather, his records, notes and testimony reflect a deep and detailed analysis of the plaintiff's complex medical history, including pre-existing degenerative changes and systemic disease. Further, Dr. Trenhaile's methodology included a reasoned evaluation of all plausible etiologies, satisfying the requirements articulated in these cases.

*Higgins v. Koch Development Corp.*, 794 F.3d 697 (7th Cir. 2015): In *Higgins*, the court excluded expert testimony where the expert failed to conduct a differential diagnosis and did not consider other potential causes for the plaintiff's condition. The Seventh Circuit made clear that the absence of a differential diagnosis or failure to address alternative explanations can render an opinion unreliable. Here, Dr. Trenhaile performed a thorough differential diagnosis, systematically, scientifically and step-by-step ruling out other plausible causes based on the totality of the medical evidence. Once

again, this process as executed by Dr. Trenhaile is the very methodology that *Higgins* and Rule 702 require for admissibility.

*Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901 (7th Cir. 2007): *Ervin* stands for the proposition that a mere temporal relationship between an event and an injury is insufficient to establish causation, so from a distance it's clear that the case would be more than moderately attractive to Defendant given its potential argumentative force. However, the expert in *Ervin* failed to provide a scientific basis for causation beyond the sequence of events. In contrast, here, Dr. Trenhaile's did not rely on temporal proximity alone, but instead grounded the causation opinion in a comprehensive review of his patient, Plaintiff's medical records, objective clinical findings, and a reasoned and thorough differential diagnosis.

*Artis v. Santos*, 95 F.4th 518 (7th Cir. 2024): Defendant cites *Artis* for the proposition that the proponent of expert testimony bears the burden of establishing admissibility under Rule 702. Here, this is not disputed by Plaintiff. The record here demonstrates Dr. Trenhaile meets or exceeds the requisite burden by applying reliable principles and methods to sufficient facts and data, as required by the Rule and as reasoned in the *Artis* court's opinion.

*Thompson v. LaSpisa*, 2023 IL App (1st) 211448 and *Brown v. Baker*, 672 N.E.2d 69 (5th Dist. 1996): Defendant's reliance on Illinois law requiring expert testimony in medically complex cases is inapposite. Dr. Trenhaile is a qualified medical professional who has provided the requisite expert testimony on causation, supported by a reliable methodology and a comprehensive review of the plaintiff's medical history. The present case is thus fully consistent with the requirements of *Thompson* and *Brown*.

In conclusion, in each of the cases cited by Defendant, exclusion was warranted because the expert *failed to consider alternative causes*, *relied solely on temporal relationships*, or *failed to employ*

*a reliable methodology*. Here, we are entirely, wholly and completely distinguished: Dr. Trenhaile has done precisely what Rule 702, *Daubert*, and controlling Seventh Circuit opinions require: he conducted a comprehensive review, applied a reliable differential diagnosis, and offered a reasoned causation opinion, so informed. Should this Court find Defendant's alleged deficiencies in sum or *ala carte* go to the weight of the testimony, not its admissibility. Though Plaintiff has proved that here, Defendant's cases are distinguished in facts and law, it is also clear that Defendant's cited authorities do not support exclusion or limitation in this case.

This Court's gatekeeping role under Rule 702 and *Daubert* is limited to ensuring that expert testimony is relevant and reliable—not resolving factual disputes or substituting the Court's judgment for that of the expert. As the Supreme Court emphasized in *Daubert*, the admissibility inquiry centers solely on the expert's principles and methodology, not on the conclusions reached. *Daubert*, 509 U.S. at 595.

The Seventh Circuit has consistently held that the court's function is to determine the reliability of an expert's methodology and adequacy of data, rather than the correctness of the expert's conclusions. *Higgins v. Koch Development Corp*., 794 F.3d 697, 704 (7th Cir. 2015); *Gayton v. McCoy*, 593 F.3d 610, 617–18 (7th Cir. 2010). The 2023 amendments to Rule 702 further clarify that evaluating an expert's credibility or weighing evidence remains the exclusive province of the jury, not the Court. Fed. R. Evid. 702 Advisory Committee's Notes (2023).

Here, Dr. Trenhaile's opinion meets the standard of reliability required under Rule 702 and *Daubert*. His opinion is based upon a well-established and accepted medical methodology, informed by a comprehensive review of Plaintiff's medical history and clinical presentation. Defendant's criticisms regarding alleged shortcomings or alternative causation theories are proper subjects for cross-examination and jury evaluation—not grounds for exclusion.

Exclusion of expert testimony is an extraordinary remedy reserved for fundamentally unsupported or unreliable opinions. Dr. Trenhaile's opinion is neither; it is grounded in scientifically sound reasoning and careful factual review. Defendant's motion to exclude or limit Dr. Trenhaile's testimony seeks an unwarranted remedy inconsistent with controlling Seventh Circuit authority and Rule 702.

Accordingly, Plaintiff respectfully requests this Court deny Defendant's motion in its entirety and permit Dr. Trenhaile to testify fully regarding his causation opinion at trial.

Exclusion of expert testimony is an *extraordinary* remedy, reserved for opinions that are *fundamentally unsupported* or *unreliable.* But compare opinions as those, here, as Dr. Trenhaile's. Far from *unsupported* or *unreliable*, Dr. Trenhaile is in process and resultant product distinguished of sound scientific reasoning informed in concert with a thorough review of the relevant facts. Despite Defendant's requests for extraordinary relief to exclude entirely the Court's gatekeeping function is to ensure the reliability and relevance of expert testimony, not to usurp the role of the jury as trier of fact. Given Plaintiff's review of Defendant's cases, Trenhaile's process and resultant product and the nature of Defendant's sought severe remedy in light of controlling cases, evidentiary rules, and Defendant's motion in limine as regards Dr. Trenhaile, Plaintiff respectfully asks this Court to deny Defendant's motion as the Dr. Trenhaile's opinion will assist the trier of fact in resolving complex medical causation issues and should be admitted in its entirety. Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety and permit Dr. Trenhaile's to offer the causation opinion at trial.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's motions in limine in their entirety or limit the sought relief requested. The evidence and testimony at issue — including medical records, expert opinions, factual context of the incident, and lay witness observations—are not

only relevant and admissible under the Federal Rules of Evidence, but are also indispensable to Plaintiff's ability to prove causation and damages.

Excluding this evidence would unjustly prejudice Plaintiff, deprive the jury of essential context, and undermine judicial process and public policy values. Defendant's assertions of unfair prejudice are unsupported by the record and are far outweighed by the probative value and necessity of the evidence. Any legitimate concerns regarding scope or potential prejudice can be addressed through substantially less extreme and excessive relief such as targeted objections, limiting instructions, and the Court's supervision at trial — not by pretrial exclusion of critical evidence.

Respectfully submitted,

GARY DOTSON, Plaintiff

By: /s/ Louis F. Pignatelli
Pignatelli & Associates, P.C.
102 E. Rock Falls Road
Rock Falls, Illinois 61071
(815) 626-0500 | (815) 626-0526
lpignatelli@nilawyers.com