**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON,<br><br>        Plaintiffs,<br><br>v.<br><br>MENARD, INC.,<br><br>        Defendant. | Case No.: 3:21-cv-50214<br><br>Honorable Iain D. Johnston<br><br>Honorable Michael F. Iasparro<br>Magistrate Judge |

## **FINAL PRETRIAL ORDER**

This matter having come before the Court at a pretrial conference pursuant to Fed. R. Civ. P. ("Rule") 16, and Louis F. Pignatelli and Clayton W. Gosnell having appeared as counsel for plaintiff and W. Anthony Andrews and Joseph S. Davidson having appeared as counsel for defendant, the following action was taken:

This is an action for personal injury and the jurisdiction of the court is invoked under U.S.C. § 1332. Jurisdiction is not disputed.

All of the following stipulations and statements were submitted and are attached to and made a part of this Order:

   (a)  a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in jury trials, may be read to the jury by the court or any party);

   (b)  for jury trials a short agreed description of the case to be read to prospective jurors.

   (c)  schedules of (1) all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items

1

expected to be offered in evidence and, (2) any demonstrative evidence and experiments to be offered during trial and (3) all objections to exhibits shall be listed.  In addition, 14 days prior to trial the parties are each to submit a trial exhibit lis;

(d)     a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness to be noted on the list;

(e)     stipulations or statements setting forth the qualifications of each expert witness in such form that the statement can be read to the jury at the time the expert witness takes the stand;

(f)     a list of all depositions, and designated page and line numbers, to be read into evidence and statements of any objections thereto;

(g)     an itemized statement of damages;

(h)     a concise statement of each claim against each party and any affirmative defense and waivers of any claims or defenses that have been abandoned by any party;

(i)     for a jury trial, each party shall provide the following:

(1)     trial briefs except as otherwise ordered by the court;

(2)     one set of marked proposed jury instructions, verdict forms and special interrogatories, if any and

(3)     a list of the questions the party requests the court to ask prospective jurors in accordance with Fed. R. Civ. P. 47(a);

2

(j)     for a non-jury trial, the court will establish a time frame for the parties to file findings of fact and conclusions of law;

(k)     motions in limine; each side shall be limited to five motions in limine unless otherwise authorized by the Court.  Motions in limine shall be included in the pretrial order and not filed as separate motions.  Responses shall be filed within the time specified by the Court; and

(l)     a listing of any special equipment to be used at trial.

Each party has completed discovery, including the depositions of expert witnesses (unless the Court has previously ordered otherwise).  Except for good cause shown, no further discovery shall be permitted.

Trial of this case is expected to take <u>4</u> days.

**Mark Appropriate Line:**

Number of Jurors <u>8</u>                              Non-Jury __

The parties acknowledge that the only issue to be presented at trial is proximate cause of damages.

The parties do not object to this case being tried by a Magistrate if need be. _____

The parties are not in agreement that this case may be tried by a Magistrate. __X__

THIS ORDER WILL CONTROL THE COURSE OF THE TRIAL AND MAY NOT BE AMENDED EXCEPT BY CONSENT OF THE PARTIES AND THE COURT, OR BY ORDER OF THE COURT TO PREVENT MANIFEST INJUSTICE.

Possibility of settlement of this case was considered by the parties.

_____
MICHAEL F. IASPARRO
UNITED STATES MAGISTRATE JUDGE

DATED: July 10, 2024 _____


APPROVED AS TO FORM AND SUBSTANCE:

*/s/ Clayton W. Gosnell*
Attorney for Plaintiff(s)

*/s/ W. Anthony Andrews*
Attorney for Defendant(s)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | Honorable Michael F. Iasparro |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

## THE PARTIES' STATEMENT OF UNCONTESTED FACTS

On April 16, 2019, Plaintiff, Gary L. Dotson visited a Menards home improvement store in Freeport, Illinois, when he was struck by a forklift driven by an employee of Defendant, Menard, Inc. causing him injury.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | |
| MENARD, INC., | Honorable Michael F. Iasparro Magistrate Judge |
| Defendant. | |

## <u>PROPOSED DESCRIPTION OF THE CASE</u>

On April 16, 2019, Plaintiff, Gary L. Dotson, visited a Menard, Inc. operated home improvement store located in Freeport, Illinois, when he was struck and knocked to the ground by a forklift operated by a Menard's employee. Mr. Dotson sustained injuries as a result of the incident.

Mr. Dotson filed a lawsuit alleging negligence against Menard, Inc. Menard, Inc. admits liability for the incident but disputes the nature and extent of the injuries Mr. Dotson claims to have sustained.

Mr. Dotson is represented by Louis F. Pignatelli and Clayton W. Gosnell of Pignatelli & Associates, PC. Menard, Inc. is represented by W. Anthony Andrews and Joseph S. Davidson of Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | |
| | Honorable Michael F. Iasparro |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

## PLAINTIFF'S EXHIBITS

| # | Description | ID | OF | AD | To Jury Room |
|---|---|---|---|---|---|
| 1 | Medical Records | | | | |
| 2 | Medical Bills | | | | |
| 3 | Security Camera Footage | | | | |
| 4 | Medical Bills Table | | | | |

## DEFENDANT'S EXHIBITS

| # | Description | ID | OF | AD | To Jury Room |
|---|---|---|---|---|---|
| 1 | Transaction Detail | | | | |
| 2 | Transaction History Spreadsheet | | | | |

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | |
| MENARD, INC., | Honorable Michael F. Iasparro Magistrate Judge |
| Defendant. | |

## WITNESSES

**Plaintiff:**

Gary L. Dotson
704 W. Stephenson St.
Freeport, IL 61032

David Jordan
9030 N. Afolkey Rd.
Dakota, IL 61018

Gene Olcott
117 ½ N. Cherry St.
Freeport, IL 61032

Craig Pauls, D.C.
640 W. South St., Suite 1
Freeport, IL 61032

Richard R. Olson, MD
7335 Brimmer Way
Cherry Valley, IL 61016

Scott W. Trenhaile, MD
324 Roxbury Rd.
Rockford, IL 61107

Timothy Rupnow, FNP-BC
1010 Fairway Dr.
Freeport, IL 61032

**Defendant:**

Ken Bowman
2755 IL-26
Freeport, IL 61032

Michael R. Treister, MD
2502. N Clark St., Suite 217
Chicago, IL 60614

## OBJECTIONS TO WITNESSES

### Timothy Rupnow, FNP-BC

Defendant objects to the testimony of Timothy Rupnow, FNP-BC, on the grounds that Plaintiffs failed to comply with their disclosure obligations under Federal Rule of Civil Procedure 26(a)(2)(C). On August 7, 2023—two weeks past the deadline set by the Court—Plaintiffs submitted their Rule 26(a)(2)(C) disclosures. Notably, those disclosures failed to include any reference to Mr. Rupnow. Plaintiffs have not moved to amend or supplement their Rule 26(a)(2)(C) disclosures at any time since.

Under Rule 26(a)(2)(A), a party must disclose the identity of any witness it may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705. Where the witness is not required to provide a full expert report under Rule 26(a)(2)(B), Rule 26(a)(2)(C) nevertheless mandates a summary disclosure. This includes "(i) the subject matter on which the witness is expected to present evidence under Rule 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Despite the fact that Plaintiffs intend to elicit expert opinion testimony from Mr. Rupnow—who appears to be a treating nurse practitioner and thus within the scope of Rule 26(a)(2)(C)—they failed to disclose the required subject matter or summary of facts and opinions. As the Seventh Circuit has made clear, treating physicians or nurse practitioners who offer opinion testimony beyond what is derived from treatment records are subject to the disclosure requirements of Rule 26(a)(2)(C).

Federal Rule of Civil Procedure 37(c)(1) provides that if a party fails to disclose a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

harmless." Here, Plaintiffs have offered no justification for their failure to disclose Mr. Rupnow, and any argument that such failure was harmless is unavailing. The omission deprived Defendant of the opportunity to evaluate Mr. Rupnow's anticipated opinions, challenge their admissibility under *Daubert*, or prepare rebuttal evidence.

Accordingly, Defendant respectfully requests that the Court exclude any testimony by Mr. Rupnow at trial pursuant to Rule 37(c)(1).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

GARY L. DOTSON and SANDRA S.
DOTSON,

Plaintiffs,

v.

MENARD, INC.,

Defendant.

Case No.: 3:21-cv-50214

Honorable Iain D. Johnston

Honorable Michael F. Iasparro
Magistrate Judge

## STIPULATION OR STATEMENT SETTING FORTH THE QUALIFICATIONS OF EACH EXPERT WITNESS

### Craig R. Pauls, D.C.

Dr. Craig Pauls is a doctor of chiropractic in Freeport, Illinois and is affiliated with Family Health Quest. He received his doctorate degree from Palmer College of Chiropractic and has been in practice for 19 years. Dr. Pauls has experience in treating chronic pain, neck and back pain, degenerative joint disease, arthritis, among other conditions.

### Richard R. Olson, M.D.

Dr. Richard Olson is a rheumatologist in Cherry Valley, Illinois and is affiliated with multiple hospitals in the area, including OSF St. Anthony Medical Center and UW Health SwedishAmerican Hospital. He received his medical degree from University of Michigan Medical School and has been in practice for more than 20 years. Dr. Olson has expertise in treating rheumatoid arthritis, arthritis, among other conditions.

### Scott W. Trenhaile, M.D.

Dr. Scott Trenhaile is an orthopedist in Rockford, Illinois and is affiliated with multiple hospitals in the area, including OSF St. Anthony Medical Center and UW Health

SwedishAmerican Hospital. He received his medical degree from University of Iowa Roy J. and Lucille A. Carver College of Medicine and has been in practice for more than 20 years. Dr. Trenhaile has expertise in treating knee arthroscopy, rotator cuff injury, arthritis, among other conditions.

**Michael R. Treister, MD**

Dr. Michael Treister is an orthopaedic surgeon with additional fellowship training in hand surgery. He is board certified in general orthopaedics. Dr. Treister has treated over 75,000 orthopaedic patients during the last 25 years. Dr. Treister has active medical licenses in Illinois, Indiana, Missouri, Michigan, and Ohio. He graduated from Washington University Medical School in St. Louis, Missouri in 1967. Dr. Treister completed his orthopaedic residency and hand surgery fellowship at Northwestern University in December of 1971, was on active duty practicing orthopaedic surgery in the United States Air Force during 1972 and 1973 (and in the reserves long thereafter), and had a busy active orthopaedic practice in Chicago from 1974 through July 2014 when he sold his surgical practice. He was chief of orthopaedic surgery at the Saints Mary and Elizabeth Medical Center for many years, and has long been active in organized medicine – still serving as a Trustee of the Chicago Medical Society.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | |
| | Honorable Michael F. Iasparro |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

**LIST OF DEPOSITIONS, AND PAGE AND
LINE NUMBERS, TO BE READ INTO EVIDENCE**

None, as none of the witnesses are "*unavailable*" according to Rule 32(a)(4)'s requirements.

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | |
| MENARD, INC., | Honorable Michael F. Iasparro Magistrate Judge |
| Defendant. | |

**PLAINTIFFS' ITEMIZED STATEMENT OF DAMAGES**

| Provider | Account No. | Date of Service | Type of Service | Amount |
|---|---|---|---|---|
| FHN (ER, Labs, X-rays, Therapy) | Various | 4/17/2019 - 12/22/2020 | Emergency room, labs, imaging, aquatic therapy, follow-ups | $32,778.00 |
| Dr. Pauls (Chiropractor) | N/A | 6/10/2019 - 10/14/2019 | Chiropractic care | $940.00 |
| OrthoIllinois (Dr. Olson, Dr. Trenhaile) | Various | 5/8/2019 - 11/18/2021 | Orthopedic consultations, MRIs, injections, surgeries, follow-ups | $65,347.75 |

**Total Medical Expenses:**                                                    **$98,065.75**

**Additional Damages Sought:**

- Pain and Suffering (past and future)
- Loss of Enjoyment of Life
- Emotional Distress
- Disfigurement for his thumb

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

GARY L. DOTSON and SANDRA S.
DOTSON,

Plaintiffs,

v.

MENARD, INC.,

Defendant.

Case No.: 3:21-cv-50214

Honorable Iain D. Johnston

Honorable Michael F. Iasparro
Magistrate Judge

## <u>THE PARTIES' DESCRIPTION OF THE CLAIMS</u>

Count I: Negligence (*Gary L. Dotson v. Menard, Inc.*)

Count II: Loss of Consortium (*Sandra S. Dotson v. Menard, Inc.*) – WAIVED

Count III: Family Expense Act (*Sandra S. Dotson v. Menard, Inc*.) – WAIVED

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | |
| | Honorable Michael F. Iasparro |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

## THE PARTIES' *PROPOSED* JURY INSTRUCTIONS

Plaintiff, GARY L. DOTSON and Defendant, MENARD, INC., by and through their attorneys, submits these proposed jury instructions and requests that the Court instruct the jury on the law contained in these instructions.

DATED: July 8, 2025

Respectfully submitted,

**GARY L. DOTSON**

**MENARD, INC.**

By: */s/ Clayton W. Gosnell*

By: */s/ Joseph S. Davidson*

Clayton W. Gosnell
Louis F. Pignatelli
Pignatelli & Associates, P.C.
102 E. Rock Falls Rd.
Rock Falls, IL 61071
(815) 626-0500
(815) 626-0526
pleadings@nilawyers.com

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, LTd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

# TABLE OF CONTENTS

1. 7th Cir. 1.01 Functions of the Court and the Jury

2. 7th Cir. 1.02 No Inference From Judge's Questions

3. 7th Cir. 1.03 All Litigants Equal Before the Law

4. 7th Cir. 1.04 Evidence

5. 7th Cir. 1.06 What is Not Evidence

6. 7th Cir. 1.07 Note-Taking

7. 7th Cir. 1.08 Consideration of All Evidence Regardless of Who Produced

8. 7th Cir. 1.11 Weighing the Evidence

9. 7th Cir. 1.12 Definition of "Direct" and "Circumstantial" Evidence

10. 7th Cir. 1.13 Testimony of Witness: Deciding What to Believe

11. 7th Cir. 1.16 Lawyer Interviewing Witness

12. 7th Cir. 1.17 Number of Witnesses

13. 7th Cir. 1.18 Absence of Evidence

14. 7th Cir. 1.21 Expert Witnesses

15. 7th Cir. 1.24 Demonstrative Evidence

16. 7th Cir. 1.27 Burden of Proof

17. 7th Cir. 1.32 Selection of Presiding Juror; General Verdict

18. 7th Cir. 1.33 Communication with Court

19. 7th Cir. 1.34 Disagreement Among Jurors

20. 7th Cir. 2.01 Cautionary Instruction Before Recess

21. 7th Cir. 2.05 Stipulations of Fact

22. 7th Cir. 2.14 Judge's Comments to Lawyer

23. IPI 23.00 Admitted Liability

24. IPI B45.01.A Verdict Form A—Single Plaintiff and Defendant—No Contributory

    Negligence Pleaded

25. IPI 120.02 Property Owner's Duty of Care

26. IPI 15.01 Proximate Cause

27. IPI 30.04.01 Loss of Enjoyment of Life

28. IPI 30.04.02 Loss of a Normal Life

29. IPI 30.05 Pain and Suffering

30. IPI 30.06 Medical Expenses

31. IPI 30.21 Aggravation of Pre-Existing Condition

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. [*Do not allow prejudice to influence you.*] [*You should not be influenced by any person's race, color, religion, national ancestry, or sex.*] Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>1</u>
Seventh Circuit Pattern Jury Instruction—1.01 Functions of the Court and the Jury

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

_____    **GIVEN**
_____    **GIVEN AS MODIFIED**
_____    **OBJECTED**
_____    **REFUSED**
_____    **WITHDRAWN**

Joint (Agreed) Instruction <u>2</u>
Seventh Circuit Pattern Jury Instruction—1.02 No Inference From Judge's Questions

In this case the defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

_____  **GIVEN**
_____  **GIVEN AS MODIFIED**
_____  **OBJECTED**
_____  **REFUSED**
_____  **WITHDRAWN**

Joint (Agreed) Instruction 3
Seventh Circuit Pattern Jury Instruction—1.03 All Litigants Equal Before the Law

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction 4
Seventh Circuit Pattern Jury Instruction—1.04 Evidence

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction 5
Seventh Circuit Pattern Jury Instruction—1.06 What is Not Evidence

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

_____     **GIVEN**
_____     **GIVEN AS MODIFIED**
_____     **OBJECTED**
_____     **REFUSED**
_____     **WITHDRAWN**

Joint (Agreed) Instruction <u>6</u>
Seventh Circuit Pattern Jury Instruction—1.07 Note-Taking

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>7</u>
Seventh Circuit Pattern Jury Instruction—1.08 Consideration of All Evidence Regardless of Who Produced

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>8</u>
Seventh Circuit Pattern Jury Instruction—1.11 Weighing the Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>9</u>
Seventh Circuit Pattern Jury Instruction—1.12 Definition of "Direct" and "Circumstantial" Evidence

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction _10_
Seventh Circuit Pattern Jury Instruction—1.13 Testimony of Witnesses (Deciding What to Believe)

It is proper for a lawyer to meet with any witness in preparation for trial

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>11</u>
Seventh Circuit Pattern Jury Instruction—1.16 Lawyer Interviewing Witness

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>12</u>
Seventh Circuit Pattern Jury Instruction—1.17 Number of Witnesses

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

_____     **GIVEN**
_____     **GIVEN AS MODIFIED**
_____     **OBJECTED**
_____     **REFUSED**
_____     **WITHDRAWN**

Joint (Agreed) Instruction <u>13</u>
Seventh Circuit Pattern Jury Instruction—1.18 Absence of Evidence

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**_____ GIVEN**
**_____ GIVEN AS MODIFIED**
**_____ OBJECTED**
**_____ REFUSED**
**_____ WITHDRAWN**

Joint (Agreed) Instruction <u>14</u>
Seventh Circuit Pattern Jury Instruction—1.21 Expert Witnesses

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] have been shown to you. Those [*short description*] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction 15
Seventh Circuit Pattern Jury Instruction—1.24 Demonstrative Exhibits

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>16</u>
Seventh Circuit Pattern Jury Instruction—1.27 Burden of Proof

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[*Forms of verdict read.*]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

_____  **GIVEN**
_____  **GIVEN AS MODIFIED**
_____  **OBJECTED**
_____  **REFUSED**
_____  **WITHDRAWN**

Joint (Agreed) Instruction <u>17</u>
Seventh Circuit Pattern Jury Instruction—1.32 Selection of Presiding Juror; General Verdict

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

_____  **GIVEN**
_____  **GIVEN AS MODIFIED**
_____  **OBJECTED**
_____  **REFUSED**
_____  **WITHDRAWN**

Joint (Agreed) Instruction <u>18</u>
Seventh Circuit Pattern Jury Instruction—1.33 Communication With Court

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction 19
Seventh Circuit Pattern Jury Instruction—1.34 Disagreement Among Jurors

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

_____     **GIVEN**
_____     **GIVEN AS MODIFIED**
_____     **OBJECTED**
_____     **REFUSED**
_____     **WITHDRAWN**

Joint (Agreed) Instruction 20
Seventh Circuit Pattern Jury Instruction—2.01 Cautionary Instruction Before Recess

The parties have stipulated, or agreed, that [*stipulated fact*]. You must now treat this fact as having been proved for the purpose of this case.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction 21
Seventh Circuit Pattern Jury Instruction—2.05 Stipulations of Fact

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

_____  **GIVEN**
_____  **GIVEN AS MODIFIED**
_____  **OBJECTED**
_____  **REFUSED**
_____  **WITHDRAWN**

Joint (Agreed) Instruction 22
Seventh Circuit Pattern Jury Instruction—2.14 Judge's Comments to Lawyer

The defendant admits that it was negligent. You need only decide whether that negligence was a proximate cause of injuries to the plaintiff, and, if so, what amount *of* money will reasonably and fairly compensate the plaintiff for those injuries.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction 23
Illinois Pattern Jury Instruction—Civil—23.00 Admitted Liability

**VERDICT FORM A**

We, the jury, find for Gary L. Dotson and against Menard, Inc.  We assess the damages in the sum of _____$, *[itemized as follows]*

| | |
|---|---|
| Foreperson | Juror |
| Juror | Juror |
| Juror | Juror |
| Juror | Juror |
| Juror | Juror |
| Juror | Juror |

_____  **GIVEN**
_____  **GIVEN AS MODIFIED**
_____  **OBJECTED**
_____  **REFUSED**
_____  **WITHDRAWN**

Joint (Agreed) Instruction 24
Illinois Pattern Jury Instruction—Civil—B45.01.A Verdict Form A—Single Plaintiff and Defendant—No Contributory Negligence Pleaded

It was the duty of Menard, Inc., as an owner and or occupier of the property in question, to exercise ordinary care to see that the property was reasonably safe for the use of those lawfully on the property.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
\_\_\_\_\_**X**\_\_\_\_ **WITHDRAWN**

Joint (Agreed) Instruction <u>25</u>
Illinois Pattern Jury Instruction—Civil—120.02 Duty To An Adult Lawfully On The Property – Condition Of Property

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. [It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

_____  **GIVEN**
_____  **GIVEN AS MODIFIED**
_____  **OBJECTED**
_____  **REFUSED**
_____  **WITHDRAWN**

Joint (Agreed) Instruction <u>26</u>
Illinois Pattern Jury Instruction—Civil—15.01 Proximate Cause – Definition

The disability experienced and reasonably certain to be experienced in the future.

Loss of a normal life experienced and reasonably certain to be experienced in the

Future.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>27</u>
Illinois Pattern Jury Instruction—Civil— IPI 30.04.01 Loss of Enjoyment of Life

When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>28</u>
Illinois Pattern Jury Instruction—Civil— IPI 30.04.02 Loss of a Normal Life

The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>29</u>
Illinois Pattern Jury Instruction—Civil—IPI 30.05 Pain and Suffering

The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

_____ **GIVEN**
_____ **GIVEN AS MODIFIED**
_____ **OBJECTED**
_____ **REFUSED**
_____ **WITHDRAWN**

Joint (Agreed) Instruction <u>30</u>
Illinois Pattern Jury Instruction—Civil— IPI 30.06 Medical Expenses

If you decide for the plaintiff on the question of liability, you may not deny or limit the plaintiff's right to damages resulting from this occurrence because any injury resulted from an aggravation of a pre-existing condition or a pre-existing condition which rendered the plaintiff more susceptible to injury.

_____    **GIVEN**
_____    **GIVEN AS MODIFIED**
_____    **OBJECTED**
_____    **REFUSED**
_____    **WITHDRAWN**

Joint (Agreed) Instruction 31
Illinois Pattern Jury Instruction—Civil— IPI 30.21 Aggravation of Pre-Existing Condition

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | |
| MENARD, INC., | Honorable Michael F. Iasparro Magistrate Judge |
| Defendant. | |

**PLAINTIFFS' LIST OF THE QUESTIONS IT REQUESTS THE COURT
TO ASK PROSPECTIVE JURORS IN ACCORDANCE WITH FED. R. CIV. P. 47(a)**

Questions formatted with an italicized font are the questions which are objected to, and the questions formatted with a normal font are agreed upon by the parties.

**General Voir Dire Questions**

1. Do you have any medical, personal, or work-related obligations that would prevent you from serving as a juror for the duration of this trial?

2. Do you have any difficulty reading, writing, or understanding English that would affect your ability to follow the trial?

3. Do you personally know any of the attorneys, the plaintiff, the defendant, or any witnesses who may testify in this case?

4. Have you heard or read anything about this case before today?

5. Do you have any personal beliefs—philosophical, religious, or otherwise—that would prevent you from rendering a fair and impartial verdict?

6. Do you have strong feelings about personal injury lawsuits that would make it difficult for you to fairly evaluate the evidence in this case?

7. Would you have any difficulty following the law as instructed by the judge, even if you personally disagreed with it?

**Juror Background & Experience**

8. What is your full name and age?

9. Where do you currently reside (city or town)?

10. What is your marital status? Do you have children? If so, how many?

11. What is the highest level of education you have completed?

12. Do you have any legal training or experience?

13. Have you ever served on a jury before? If so, was it a civil or criminal case?

14. Have you ever been a party in a lawsuit, a witness in a legal proceeding, or given a deposition?

**Employment & Work Experience**

15. What is your current occupation, and what are your primary job responsibilities?

16. Have you ever worked in property management, insurance, or risk assessment?

**Experience with Premises Liability & Injuries**

17. Have you ever been involved in an unsafe premises accident? If so, did you pursue legal action?

18. *Have you ever been injured on someone else's property due to unsafe conditions?*

19. *Have you ever had to file an insurance claim for an injury? If so, was the claim resolved fairly in your opinion?*

20. *Has anyone close to you ever been injured in a slip and fall accident? If so, did they pursue legal action?*

21. *Have you ever experienced a serious injury or long-term disability that affected daily life?*

**Views on Lawsuits & Compensation**

22. *Do you believe some people exaggerate injuries to receive more money in lawsuits?*

23. *Do you believe property owners should always be held responsible if someone is injured on their premises, or are there situations where they should not be responsible?*

24. *Do you believe financial compensation for pain and suffering is appropriate in personal injury cases, or should it only cover medical bills and lost wages?*

**Decision-Making & Fairness**

25. Have you ever had to make an important decision based on conflicting information? How did you resolve it?

26. Have you ever had to assess whether someone was telling the truth in a work or personal situation?

27. *Do you find expert testimony credible in court cases? Are you more likely to believe expert testimony if it comes from a doctor or scientist?*

28. What types of news sources do you regularly read?

29. *Can you think of any reason why you might not be able to be completely impartial in this case?*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| Plaintiffs, | Case No.: 3:21-cv-50214 |
| | Honorable Iain D. Johnston |
| v. | |
| | Honorable Michael F. Iasparro |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

**MENARD, INC.'S LIST OF THE QUESTIONS IT REQUESTS THE COURT
TO ASK PROSPECTIVE JURORS IN ACCORDANCE WITH FED. R. CIV. P. 47(a)**

**GENERAL VOIR DIRE QUESTIONS**

1.      Is there anyone who because of medical or other important reasons cannot be available for the duration of the trial?

2.      Is there anyone who suffers from any condition or situation that would make it difficult to give the parties your full attention and fair consideration if you were selected as a juror?

3.      Is there anyone who has difficulty reading, writing or understanding the English language, so that it would impair your ability to understand what you hear in cout1 or to read the documents that may be used as exhibits?

4.      Is there anyone here who is related to, or knows, or has had dealings with any of the lawyers in the case; any of the plaintiff(s); any of the defendant(s); or the following people who may testify at trial?

5.      Other than what you have heard in the brief description given today of the case, does anyone know or has anyone heard anything about this case?

6.      Is there anyone who has philosophical, religious or other beliefs that would prevent you from sitting and passing judgment on another person?

7.      Is there anyone who believes there is something about the kind of case that I described to you that would prevent you from being fair and impartial to all parties in this case?

8.      Is there anyone who believes that he or she would be unable to follow the law as I explain it to you, apply that law to the facts that you find in this case, and render the verdict required by the law as I explain it to you?

## INDIVIDUAL *VOIR DIRE* QUESTIONS

1.      Full name and age.

2.      City of residence.

3.      Marital status.

4.      Number and age of any children.

5.      Extent of formal education.

6.      Any legal training or experience.

7.      Present occupation and any other employment going back 10 years, including name of employer(s), nature of work and title of position(s), and length of time with each employer.

8.      Present occupation (and prior jobs going back 10 years) for spouse and other adults in the household, as well as for any adult children not living in the household.

9.      Major outside interests and hobbies.

10.     Newspapers and magazines regularly read.

11.     Television shows regularly watched, and radio programs regularly listened to.

12.     Internet websites or blogs regularly read or visited.

13.     Military service, if any (including branch, years of service, highest rank achieved, duties, nature of discharge).

14.     Prior jury service (federal and state civil and criminal cases, as well as grand jury).

15.    Prior involvement as a party in any legal proceeding (personally as well as in connection with any employment).

16.    Prior involvement of relatives or close friends in any legal proceedings.

17.    Prior experience as a witness (in court hearing or deposition).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON,<br><br>Plaintiffs,<br><br>v.<br><br>MENARD, INC.,<br><br>Defendant. | Case No.: 3:21-cv-50214<br><br>Honorable Iain D. Johnston<br><br>Honorable Michael F. Iasparro<br>Magistrate Judge |

## DEFENDANT, MENARD, INC.'S MOTION IN LIMINE

NOW COMES Defendant, MENARD, INC., by and through its attorneys, respectively moves this Court in limine to enter an order directing Plaintiff, GARY L. DOTSON, by and through his attorneys, and any witnesses called by Plaintiff to refrain from making any direct or indirect mention whatsoever at the trial of the matter hereinafter set forth without first obtaining permission from this Court regarding any of the following matters:

### Motion in Limine #1
### To exclude lay opinion or hearsay evidence regarding medical conditions

The plaintiff should be categorically barred from offering any lay opinions or hearsay testimony regarding medical conditions, diagnoses, or the causation of his alleged injuries—matters that are indisputably within the exclusive province of qualified medical professionals. Illinois courts have consistently and unequivocally held that such testimony from a lay witness is inadmissible and lacks any probative value. In *American Smelting & Refining Co. v. Industrial Commission*, 353 Ill. 324, 187 N.E. 495 (1933), the Illinois Supreme Court excluded the plaintiff's testimony that he suffered from lead poisoning, emphasizing that medical causation must be established through expert testimony. Similarly, in *Jordan v. Morrissey*, 130 Ill. App. 2d 418 (1st

Dist. 1970), the plaintiff's claim that he suffered a "slipped disc" as a result of the incident was deemed inadmissible. In *Hawkins v. Richardson*, 219 Ill. App. 3d 597 (1st Dist. 1975), the appellate court ruled that a plaintiff's assertion that eyeglasses caused headaches constituted improper expert testimony, wholly devoid of evidentiary value. Finally, in *Abrams v. City of Mattoon*, 148 Ill. App. 3d 657 (4th Dist. 1986), the court excluded lay testimony that an accident had altered the plaintiff's vision. These authorities make clear that the plaintiff may not substitute personal belief or speculation in place of competent medical evidence. Any attempt to do so should be strictly precluded.

### Motion in Limine #2
### To exclude reptile theory appeals

Federal Rule of Evidence 401 limits admissible evidence to that which has a tendency to make a fact of consequence more or less probable. Reptile-based arguments or questions—such as references to "safety rules," broad public danger, or what "keeps us all safe"—are not intended to prove a fact in issue but to invoke fear and bias in the jury. These tactics are also barred under Rule 403, as any probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, and confusing the issues.

These arguments improperly invite the jury to decide the case based on emotion or an abstract sense of danger rather than the facts and applicable law. To avoid prejudicing the jury, Plaintiff should be prohibited from:

1. Referring to "community safety," "public protection," or "preventing harm to others."

2. Asking witnesses to agree that a certain rule "keeps people safe" or "protects us all."

3. Arguing that the jury should render a verdict to "make the community safer."

4.   Making any appeal to the jury to act as the "conscience of the community."

The Court should not permit Plaintiff to inject such manipulation into trial under any circumstances. The Reptile playbook is well-known, well-rehearsed, and wholly improper.

### Motion in Limine # 3
### To exclude evidence of the death of Sandra S. Dotson and her claims

The Court should categorically exclude any and all evidence, references to evidence, testimony, or argument pertaining to the death of Sandra S. Dotson and any alleged claims she may have asserted. Such evidence serves no legitimate evidentiary purpose and poses a significant and unacceptable risk of unfair prejudice to the defendant. Introduction of Ms. Dotson's death or any associated claims invites the jury to render a verdict based not on the facts or the law, but on emotion, sympathy, or speculation—all of which are wholly improper bases for decision-making in a court of law.

Federal Rule of Evidence 403 mandates the exclusion of evidence where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Courts have consistently and forcefully enforced this principle. *See Old Chief v. United States*, 519 U.S. 172, 180–92 (1997) (holding that even relevant evidence must be excluded if its unfair prejudicial impact outweighs its probative value); *U.S. v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000) (evidence that appeals to juror sympathy undermines a verdict based on law and fact); *United States v. Currier*, 836 F.2d 11, 18 (1st Cir. 1987) (unfair prejudice is that which causes a jury to base its decision on something other than established propositions in the case); *U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800–02 (1st Cir. 1995); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002).

In this case, the death of Ms. Dotson and any alleged claims associated with her have no probative value whatsoever. Even assuming some marginal relevance, that relevance is vastly and

substantially outweighed by the clear risk that the jury will be improperly swayed by sympathy or emotion—grounds that mandate exclusion under Rule 403. The Court must preclude this evidence in order to preserve the fairness and integrity of the proceedings.

### Motion in Limine #4
### To exclude evidence of defendant's liability

The Court should unequivocally exclude any and all evidence, references to evidence, testimony, argument, or demonstrative exhibits—including but not limited to any video footage depicting the underlying incident—relating to the defendant's liability. The defendant has formally admitted liability in this matter. As such, the sole issue before the jury is the nature and extent of the plaintiff's alleged injuries and damages. Any attempt to introduce evidence regarding the defendant's alleged fault or wrongdoing, including playing a complete video of the event, serves no legitimate evidentiary purpose and would only operate to inflame the passions of the jury, leading to a verdict based on emotion rather than fact and law.

Federal Rule of Evidence 403 is directly on point and mandates exclusion where the probative value of evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. The Supreme Court has directly addressed this issue in *Old Chief v. United States*, 519 U.S. 172, 180–92 (1997), holding that when a party has stipulated or admitted to an element of a claim—such as liability—additional evidence proving the same point may be excluded if it introduces unfair prejudice without additional probative value. This principle has been reinforced by multiple federal courts. *See, e.g., U.S. v. Aguilar-Aranceta*, 58 F.3d 796, 800–02 (1st Cir. 1995); *Coleman v. Home Depot, Inc*., 306 F.3d 1333, 1343 (3d Cir. 2002).

Here, liability is not at issue. Permitting the introduction of evidence—particularly a complete video of the incident—serves no purpose other than to cast the defendant in a negative

light and unfairly prejudice the jury. The facts surrounding how the incident occurred are wholly irrelevant to the question of damages and should be strictly excluded. Moreover, the nature and extent of plaintiff's injuries can be fully established through competent medical testimony and other appropriate evidence. Thus, even if the liability-related evidence had minimal probative value (which it does not), it would be needlessly cumulative and must be excluded under Rule 403.

Any such evidence—especially emotionally charged or graphic depictions like a full video of the event—would do nothing more than invite the jury to punish the defendant for a liability that has already been admitted. That is both impermissible and prejudicial in the extreme. Accordingly, the defendant respectfully requests that this Court enter an order barring all evidence, reference, testimony, or argument related to the defendant's liability, including any attempt to play or introduce the full video of the incident.

**Motion in Limine #5**
**To limit the testimony of Scott W. Trenhaile, MD**

The Court should preclude or significantly limit the testimony of Scott W. Trenhaile, M.D., plaintiff's treating physician, as to causation. Dr. Trenhaile's opinions are legally and scientifically deficient under Federal Rule of Evidence 702. He issued causation conclusions without any awareness of—let alone consideration of—the plaintiff's extensive, documented, and materially relevant medical history. This is not expert testimony—it is speculation, cloaked in white coat. As the Seventh Circuit has made clear, "This does not an expert opinion make." *Happel v. Walmart Stores, Inc*., 602 F.3d 820, 826 (7th Cir. 2010).

Without competent, admissible expert testimony on causation, plaintiff cannot carry his burden of proof to show that the subject incident caused the injuries he alleges—many of which implicate body parts previously and seriously afflicted by pre-existing conditions. Dr. Trenhaile's testimony fails the requirements of Rule 702 and must be excluded.

**Legal Standard**

Federal Rule of Evidence 702 governs the admissibility of expert testimony. As amended effective December 1, 2023, Rule 702 makes clear that the proponent of expert testimony bears the burden of demonstrating that:

1.     The expert's specialized knowledge will help the trier of fact determine a fact in issue;

2.     The testimony is based on sufficient facts or data;

3.     The testimony is the product of reliable principles and methods; and

4.     The expert has reliably applied those principles and methods to the facts of the case.

*See* Fed. R. Evid. 702(a)–(d); *Artis v. Santos*, 95 F.4th 518, 525 (7th Cir. 2024). The Advisory Committee made clear that courts must rigorously examine the sufficiency of the basis and the reliability of the methodology—and that these are not questions of weight for the jury, but of admissibility for the court.

Expert testimony must also be relevant to assist the trier of fact. Relevance under *Daubert* means that the expert's reasoning or methodology can be properly applied to the facts in issue. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591–92 (1993).

The Seventh Circuit has consistently emphasized that when causation is at issue, an expert cannot simply rely on subjective patient reports and a temporal relationship. Courts have repeatedly held that causation opinions that ignore competing explanations—such as pre-existing

disease or trauma—are inadmissible. *Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 826 (7th Cir. 2010); *Myers v. Ill. Cent. R.R. Co.*, 629 F.3d 639, 644 (7th Cir. 2010); *Kopplin v. Wisconsin Cent. Ltd.*, 914 F.3d 1099, 1104 (7th Cir. 2019).

**Argument**

**I.      Dr. Trenhaile's opinions are not based on sufficient facts or data.**

Dr. Trenhaile's causation opinion rests entirely on Plaintiff's self-reported narrative and the assumption that the Incident was the sole cause of Plaintiff's shoulder injuries. But that assumption is factually wrong and medically incomplete. Dr. Trenhaile never reviewed:

- Plaintiff's prior MRIs or radiographic studies;

- Prior orthopedic records from multiple treating physicans;

- Surgical records from shoulder procedures performed before and after the incident;

- Rheumatological evaluations diagnosing and treating Plaintiff's seropositive rheumatoid arthritis;

- Reports of multiple falls and motor vehicle accidents, both before and after the incident;

- Medication records, including chronic steroid and methotrexate use known to weaken connective tissue;

- Notes documenting positive impingement tests, shoulder injections, and diagnoses of degenerative arthritis as early as 2015.

This was not an oversight—Dr. Trenhaile expressly stated he was unaware of these issues. Dr. Trenhaile first treated the plaintiff 18 months following the incident in October 2020. He testified that his causation opinion was based solely on Plaintiff's report of being struck by a forklift and the imaging findings following the incident. He conducted no differential diagnosis

and made no effort to rule out other plausible causes of Plaintiff's rotator cuff tear. Without a reliable differential diagnosis, his opinion lacks the analytical rigor required under Rule 702. *See Higgins v. Koch Dev. Corp.*, 794 F.3d 697, 705 (7th Cir. 2015).

## II.   The methodology employed by Dr. Trenhaile is unscientific and legally insufficient.

The mere temporal relationship between an event and a medical condition does not prove causation. As the Seventh Circuit held in *Ervin v. Johnson & Johnson, Inc.*, "The mere existence of a temporal relationship is not sufficient to establish a causal relationship." 492 F.3d 901, 904 (7th Cir. 2007).

Yet, that is precisely the foundation of Dr. Trenhaile's opinion. He accepted Plaintiff's version of events and assumed the rotator cuff tear observed on imaging was caused by the Incident because it appeared afterward. He made no attempt to evaluate whether the tear was chronic or degenerative in nature, despite clear evidence of long-standing shoulder pathology.

Indeed, Dr. Trenhaile's own surgical notes describe fatty atrophy and complete tendon retraction—hallmarks of a chronic, degenerative tear. But because he failed to review the medical history, he attributed it to trauma. Such logic does not withstand scrutiny.

As in *Happel*, an expert opinion "based solely on a temporal relationship and past experience is not enough." 602 F.3d at 826. And under the 2023 amendments to Rule 702, it is emphatically the court's responsibility—not the jury's—to prevent this sort of unreliable opinion from reaching the factfinder.

## III.   The nature of Plaintiff's injuries requires qualified, reliable expert testimony.

Illinois law requires expert testimony to establish causation where the injuries at issue are medically complex or involve pre-existing conditions. *See Thompson v. LaSpisa*, 2023 IL App (1st) 211448, ¶ 32; *Brown v. Baker*, 672 N.E.2d 69, 71 (5th Dist. 1996). This is such a case.

Plaintiff has a decades-long history of systemic autoimmune disease, degenerative orthopedic conditions, and trauma. He claims that the Incident not only aggravated these conditions but resulted in permanent injury and disability. Sorting through these overlapping factors is a task that demands a medically reliable causation opinion. Without one, Plaintiff cannot meet his burden of proof.

## Conclusion

Dr. Trenhaile's causation opinion is inadmissible under Rule 702. It is unsupported by sufficient data, based on unreliable methodology, and ignores a mountain of relevant medical history. Allowing such testimony would mislead the jury, not aid it.

For these reasons, Defendant respectfully requests that this Court exclude Dr. Trenhaile's causation opinion in its entirety. In the alternative, the Court should strictly limit his testimony to the care he provided without permitting him to opine on causation.

DATED: July 8, 2025

Respectfully submitted,

**MENARD, INC.**

By: _/s/ Joseph S. Davidson_

W. Anthony Andrews
Joseph S. Davidson
Ottosen DiNolfo Hasenbalg & Castaldo, Ltd.
1804 N. Naper Blvd.
Suite 350
Naperville, IL 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

GARY L. DOTSON and SANDRA S.
DOTSON,

Plaintiffs,

v.

MENARD, INC.,

Defendant.

Case No.: 3:21-cv-50214

Honorable Iain D. Johnston

Honorable Michael F. Iasparro
Magistrate Judge

## <u>LISTING OF SPECIAL EQUIPMENT TO BE USED AT TRIAL</u>

1. Writing/presentation board

2. iPad/laptop computer

3. HDMI video output

4. Integrated evidence presentation equipment

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| GARY L. DOTSON and SANDRA S. DOTSON, | |
| | Case No.: 3:21-cv-50214 |
| Plaintiffs, | |
| | Honorable Iain D. Johnston |
| v. | |
| | Honorable Michael F. Iasparro |
| MENARD, INC., | Magistrate Judge |
| Defendant. | |

**PROPOSED PRETRIAL MEMORANDUM**

**Plaintiff's Name**: Gary L. Dotson

**Age**: 80

**Occupation**: Retired

**Marital status**: Widowed

**Attorney for Plaintiff**: Louis F. Pignatelli and Clayton W. Gosnell; (815) 626-0500

**Attorney for Defendant**: W. Anthony Andrews and Joseph S. Davidson; (630) 682-0085

**Summary of injuries**: Injuries to Plaintiff's upper body including but not limited to his neck, back, shoulder(s), elbow(s), etc.

**Date, hour, and place of occurrence**: Afternoon of April 16, 2019 at a Menard, Inc. property in Freeport, Illinois.

**Attending physicians**: Richard Olson, MD; Scott Trenhaile, MD

**Hospitals**: FNH Memorial Hospital; Ortho Illinois

**Place of employment**: N/A

**Part A. Compensatory Damages**

1. Liquidated Damages:

    a.  Medical fees $n/a

    b.  Hospital bills $98,065.75

    c.  Loss of income $n/a

    d.  Miscellaneous expenses $n/a

        i.  TOTAL $98,065.75

2. What is the total amount of compensatory damages claimed in this action $

**Part B.  Punitive Damages**

1. Does the plaintiff claim punitive damages?

    No

**Brief Statement of Circumstances of Occurrence**:

1. <u>Plaintiff's view</u>: On April 16, 2019, Plaintiff, Gary L. Dotson visited a Menards home improvement store in Freeport, Illinois, when he was struck by a forklift driven by an employee of Defendant, Menard, Inc. causing injuries to his person as a whole.

2. <u>Defendant's view</u>: On April 16, 2019, Plaintiff, Gary L. Dotson visited a Menards home improvement store in Freeport, Illinois, when he was struck by a forklift driven by an employee of Defendant, Menard, Inc.